U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700     973/645-2700
Newark, NJ 07102

December 16, 2008

Robert A. Weir, Jr. Esq.
Weir and Plaza LLC
3211 Broad Street
Red Bank, New Jersey 07701

*CR. 09-4*

Re:   Plea Agreement with Edward Cobb

Dear Mr. Weir:

This letter sets forth the plea agreement between Edward Cobb, (hereafter "the defendant"), and the United States Attorney for the District of New Jersey (hereafter "this Office").

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from the defendant to a three-count Information to be filed in the District of New Jersey which charges Counts 1) a conspiracy to commit Hobbs Act robbery; 2) a conspiracy to commit Hobbs Act robbery; 3) brandishing one or more firearms in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 1951(a), (b)(1), and (b)(2); 924(c)(1)(A)(ii); and Section 2, respectively. If the defendant enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against the defendant for his involvement in criminal activity committed on behalf of and in furtherance of the Genovese Crime Family of La Cosa Nostra between 2003 and the date of this plea agreement, of which this Office is aware at the time this plea agreement is executed by the defendant. The defendant waives any objection pursuant to the statute of limitations as it may pertain to any violation reflected above. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not barred by the above waiver of the statute of limitations on the date this agreement is signed by the defendant may be

him, notwithstanding the expiration of the limitations period after the defendant signs the agreement.

Sentencing

The violations of 18 U.S.C. § 1951(a), and (b)(1), to which the defendant agrees to plead guilty involve 1) a conspiracy to commit a home invasion robbery in Rockaway Township (Morris County), N.J. in or about September 2003, and 2) a conspiracy to commit a home invasion robbery in Orange County, N.Y., in or about October 2003; and each carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Count Three, the violation of 18 U.S.C. §§ 924(c) and 2, to which the defendant also agrees to plead guilty involves the use or possession of one or more firearms in furtherance of the crimes charged in Counts 1 and 2 of the Information, and carries a statutory maximum prison sentence of life imprisonment, a consecutive, mandatory minimum sentence of 5 years imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon the defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence the defendant ultimately will receive.

Further, in addition to imposing any other penalty on the defendant, the sentencing judge: (1) will order to pay an assessment of $100 on each count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order the defendant to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order the pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18

U.S.C. § 3583, may require the defendant to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should the defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, the defendant may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on the defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of the defendant's activities and relevant conduct with respect to this case.

Stipulations

This Office and the defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or the defendant from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both

parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and the defendant waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Offices for the District of New Jersey and for the Southern District of New York and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the defendant. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against the defendant.

No Other Promises

This agreement constitutes the plea agreement between the defendant and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,
RALPH J. MARRA, JR.
Acting United States Attorney

V. GRADY O'MALLEY
Chief, Strike Force Unit

Marc Ferzan, Deputy Crim. Div.

- 4 -

I have received this letter from my attorney, Robert Weir, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____        Date: 1/5/09
Edward Cobb, Defendant

_____        Date: 1/5/09
Robert A. Weir, Jr., Esq.

Plea Agreement With EDWARD COBB

Schedule A

1. This Office and the defendant recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and the defendant nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2008, applies in this case.

**Guidelines Calculation - (Morris County, N.J.) Hobbs Act Robbery Conspiracy (Count 1)**

3. The applicable guideline is U.S.S.G. § 2B3.1. This guideline carries a Base Offense Level of 20.

4. Specific Offense Characteristic 2B3.1(b)(3)(B) applies. This Specific Offense Characteristic results in an increase of 4 levels.

5. Specific Offense Characteristic 2B3.1(b)(4)(B) applies. This Specific Offense Characteristic results in an increase of 2 levels.

6. Specific Offense Characteristic 2B3.1(b)(6) applies. This Specific Offense Characteristic results in an increase of 1 level.

7. Specific Offense Characteristic 2B3.1(b)(7)(D) applies. This Specific Offense Characteristic results in an increase of 3 levels.

8. The defendant was a manager or supervisor of five or more participants for the relevant criminal activity pursuant to U.S.S.G. § 3B1.1(b). This results in an increase of 3 levels.

9. Accordingly, the adjusted offense level for this count is 33.

**Guidelines Calculation - (Orange County N.Y.) Hobbs Act Robbery Conspiracy (Count 2)**

10. The applicable guideline is U.S.S.G. § 2B3.1. This guideline carries a Base Offense Level of 20.

11. Specific Offense Characteristic 2B3.2(b)(4)(B) applies. This Specific Offense Characteristic results in an increase of 4 levels.

12. Specific Offense Characteristic 2B3.1(b)(5)(B) applies. This Specific Offense Characteristic results in an increase of 2 levels.

13. Accordingly, the adjusted offense level for this count is 26.

**Guidelines Calculation - Use of a Firearm under 924c (Count 3)**

14. The applicable guideline is U.S.S.G. § 2K2.4. Under this section, the guideline sentence is the minimum term of imprisonment required by statute. See U.S.S.G. § 2K2.4(b). The defendant understands and agrees that this sentence will run consecutively to any sentence imposed pursuant to the total Guidelines offense level set forth below.

**Grouping Analysis**

15. In accordance with the above, the guideline offense level for each count, with the exception of Count 3, prior to adjustments under Chapters Three and Four is as follows:

   a. Hobbs Act Extortion - level 33;
   b. Hobbs Act Robbery Conspiracy - level 26;

16. In accordance with the above and § 3D1.2(d), each of the counts is a separate group except for Count 3. Under § 3D1.4, the group with the highest offense level (Hobbs Act Robbery Conspiracy - Count (1) counts as 1 unit. The Hobbs Act Robbery Conspiracy Count (2) is within 7 levels, so under 3D1.4 (b) one half unit is charged. Accordingly, the total number of units is 1 and 1\2; increasing the offense level of Count One by 1 level.

17. As of the date of this letter, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if the defendant's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

18. As of the date of this letter, the defendant has assisted authorities in the investigation or prosecution of his

own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If the defendant enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition the defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, the defendant will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

19. In accordance with the above, the parties agree that the total Guidelines offense level applicable to the defendant is 31 (the "agreed total Guidelines offense level").

20. The defendant knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 31. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 31. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

21. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.